IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-HC-2214-FL

| | | |
|---|---|---|
| KENNETH CADWELL McCLEES, II, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WARDEN, FCI BUTNER MEDIUM II, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner, a federal inmate proceeding pro se, petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter is before the court on respondent's motion to dismiss, (DE 8). The motion was fully briefed and in this posture the issues raised are ripe for ruling. For the reasons stated below, the court grants the motion and dismisses without prejudice the petition.

**BACKGROUND**

On October 9, 2012, petitioner pleaded guilty to one count of conspiracy to possess with intent to distribute 280 grams or more of cocaine base and a quantity of cocaine, in violation of 21 U.S.C. §§ 846 (count one), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (count five). United States v. McClees, No. 2:12-CR-11-FL (E.D.N.C. Oct. 9, 2012). On March 7, 2013, the court sentenced petitioner to 120 months' imprisonment on count one and 60 months' imprisonment on count five, and ordered the terms to run consecutively, producing an aggregate custodial sentence of 180 months' imprisonment. Id. (Mar. 7, 2013). The terms of imprisonment were the statutory mandatory minimum sentences. Petitioner did not appeal his judgment of conviction.

On June 4, 2014, petitioner filed motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Id. (June 4, 2014). Petitioner argued this his sentence violated Alleyne v. United States, 570 U.S. 99 (2013) and United States v. Davis, 720 F.3d 215 (4th Cir. 2013), and that he received ineffective assistance of counsel. See United States v. McClees, No. 2:12-CR-00011-FL-1, 2015 WL 13735082, at *1 (E.D.N.C. Oct. 16, 2015). On October 16, 2015, the court denied the § 2255 motion. Id. On June 1, 2016, the United States Court of Appeals for the Fourth Circuit dismissed petitioner's appeal of the court's order denying relief on the § 2255 motion. United States v. McClees, 651 F. App'x 186 (4th Cir. 2016).

On August 27, 2018, petitioner filed the instant petition for a writ of habeas corpus. Petitioner brings the following habeas claims: 1) his sentence is illegal because he received an improper statutory sentencing enhancement under 21 U.S.C. §§ 841(b)(1)(B) and 851; 2) that he should be resentenced pursuant to a 2013 Department of Justice ("DOJ") memorandum, and 3) that his sentence on count five violates due process under Dean v. United States, 137 S. Ct. 1170 (2017). On April 15, 2019, petitioner filed the instant motion to dismiss for lack of jurisdiction, which was fully briefed.

## DISCUSSION

A.     Standard of Review

A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction, and the petitioner bears the burden of showing that federal jurisdiction is appropriate when challenged by the respondent. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). The motion may either 1) assert the complaint fails to state facts upon which subject matter jurisdiction may be based, or 2) attack the factual basis for subject

matter jurisdiction, apart from the complaint. Bain, 697 F.2d at 1219. Under the former assertion, the moving party contends that the complaint "simply fails to allege facts upon which subject matter jurisdiction can be based." Id. In that case, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009). When the respondent challenges the factual predicate of subject matter jurisdiction, a court "is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). The nonmoving party "must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists." Id.

B.      Analysis

Petitioner is attacking the legality, rather than the execution of, his sentence. The legality of petitioner's conviction or sentence must be challenged under 28 U.S.C. § 2255 unless "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc).

Section 2255 is inadequate and ineffective to the test the legality of a sentence when:

> 1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018), cert. denied, 139 S. Ct. 1318 (2019). If petitioner cannot satisfy the foregoing requirements, the court lacks jurisdiction to consider the petition. Id. at 426.

Petitioner cannot satisfy the second element of the Wheeler test. Petitioner argues that his § 851 enhancement is invalid under Mathis v. United States, 136 S. Ct. 2243 (2016), Descamps v. United States, 570 U.S. 254 (2013), and United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). Petitioner, however, did not receive a sentencing enhancement under § 851. See United States v. McClees, No. 2:12-CR-11-FL-1 (E.D.N.C. 2012). Accordingly, petitioner has not shown that Mathis, Descamps, or Simmons call into question the validity of his sentence.[1]

Petitioner' argument that he should be resentenced under a 2013 DOJ memorandum also is without merit. Petitioner alleges the memorandum addresses procedures for filing § 851 notices of intent to seek enhanced penalty. As set forth above, petitioner did not receive a § 851 enhancement, and therefore the cited memorandum does not establish that petitioner's sentence is illegal under current law.

Petitioner also alleges his sentence contravenes Dean v. United States, 137 S. Ct. 1170 (2017). Dean addresses the sentencing court's discretion to consider a mandatory consecutive sentence when fashioning the sentence for the predicate conviction. 137 S. Ct. at 1174. As set forth above, petitioner was sentenced to the statutory mandatory minimum on both counts, and therefore Dean does not call into question the validity of petitioner's sentence. Additionally,

---

[1] Furthermore, Mathis and Descamps are not retroactively applicable on collateral review and therefore cannot form the basis of a valid Wheeler claim. See Brooks v. Bragg, 735 F. App'x 108, 109 (4th Cir. 2018); Copeland v. Kassell, 733 F. App'x 717 (4th Cir. 2018). As to petitioner's Simmons claim, he was sentenced after the Fourth Circuit decided Simmons and petitioner has not otherwise established that a Simmons error occurred in this case.

Dean is not retroactively applicable on collateral review. Habeck v. United States, 741 F. App'x 953, 954 (4th Cir. 2018) (affirming dismissal of § 2241 petition alleging Dean claim because "Dean has not been held to apply retroactively to cases on collateral review"); see also In re Dockery, 869 F.3d 356, 356 (5th Cir. 2017).

Finally, in his response to the motion to dismiss, petitioner alleges that his § 924(c) conviction is invalid in light of United States v. Davis, 139 S. Ct. 2319 (2019). Pursuant to § 924(c), a person convicted of possessing a firearm "during and in relation to any crime of violence or drug trafficking crime" is subject to a mandatory minimum five years' imprisonment for the first conviction. 18 U.S.C. § 924(c)(1)(A)(i). Davis holds that the definition of crime of violence found in 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague. 139 S. Ct. at 2336. Davis, however, does not affect § 924(c)(2)'s definition of drug trafficking crime. See id.; see also In re Navarro, 931 F.3d 1298, 1302 (11th Cir. 2019). The predicate offense supporting petitioner's § 924(c) conviction is a drug trafficking offense. See United States v. McClees, No. 2:12-CR-11-FL (E.D.N.C. May 23, 2012) (Indictment, count five). Accordingly, petitioner's § 924(c) conviction is not affected by Davis and he is not entitled to relief under § 2241. See In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (setting forth requirements for savings clause relief where petitioner challenges a conviction).

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court determines that reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong, and none of the issues deserve encouragement to proceed further. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003). The court therefore denies a certificate of appealability.

## CONCLUSION

Based on the foregoing, the court GRANTS respondent's motion to dismiss, (DE 8), and DISMISSES WITHOUT PREJUDICE the petition. A certificate of appealability is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this the 16th day of March, 2020.

_____
LOUISE W. FLANAGAN
United States District Judge